# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GERALD L. POLZIN,

    Plaintiff,

v.                                                    Case No.10-CV-1037

SGT. HUCK and JOHN DOES,

    Defendants.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On April 5, 2011, the court screened the complaint and dismissed the case for failure to state a claim. *See* 28 U.S.C. § 1915A. Judgment was entered the same day. On April 14, 2011, the plaintiff filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e).

Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly discovered evidence or where there has been a manifest error of law or fact. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). The movant must "clearly establish" one of the aforementioned grounds for relief. *Id.* (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001)). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have

been presented to the district court prior to judgment. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend a judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff contends that the Screening Order contains a manifest error of law or fact and that he should have been allowed to proceed on claims under the First and Fourteenth Amendments based on complaint allegations that the defendants refused to forward to him a catalog he had ordered. He asserts that the Screening Order failed to address his claim that he never received the catalog. However, the court's citation to *Sizemore v. Williford*, 829 F,2d 608 (7th Cir. 1987), was intended to address that allegation. (Screening Order, April 5, 2011, at 4-5.) In that case, the Seventh Circuit Court of Appeals held that a prisoner's complaint, "to the extent that he alleges that copies of his *Cincinnati Enquirer* were *permanently* withheld and intentionally *never* delivered by defendants, does implicate his substantive rights as guaranteed by the First Amendment." *Sizemore*, 829 F.2d at 610 (emphasis in original). The court went on to state:

> In holding as we do, we want to emphasize that merely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment. Defendants caution in their brief that if the district court's dismissal of Sizemore's complaint is reversed, courts will be inundated with prisoner suits each time a newspaper or magazine addressed to an inmate is interfered with prior to delivery. While we are fully cognizant of the danger that prisoners will increasingly look to this and other federal courts to act as prison postmasters general, we cannot simply disregard Sizemore's allegations, the truth of which must be presumed, which charge that defendants repeatedly and intentionally withheld otherwise unobjectionable reading material from ever reaching him. Allegations of a continuing pattern of disregard for a prisoner's First Amendment right to read and to receive all but the most inflammatory and provocative publications (in addition to publications withheld as punishment after due process) are substantially, and we think constitutionally, different from lawsuits alleging First Amendment violations on the basis of isolated

2

instances of loss or theft of an inmate's reading materials. In the event that future prisoner suits attempt to exploit our narrow holding in this case, district courts possess in their procedural arsenals both the ability to dismiss lawsuits and to grant summary judgment against those whose allegations do not, upon inspection, rise to the level of constitutional magnitude articulated here as well as the authority to direct plaintiffs with constitutionally insignificant suits to proceed instead under the Federal Tort Claims Act, 28 U.S.C. § 1346.

*Id.* at 610-11.

In the complaint, the plaintiff alleged that two pieces of mail were delayed because, on September 14 and September 22, 2009, the defendants initially sent them to an inmate with the same last name as the plaintiff. He also alleged that on October 9, 2009, the defendants sent the plaintiff's catalog to the inmate with whom he shares the same last name and that the plaintiff never received the catalog.

The plaintiff does not challenge the court's determination that the two instances of delayed delivery of mail fails to state a claim. Rather, he contends that his allegation that he never received the catalog states a claim under the First Amendment. However, the court of appeal's discussion in *Sizemore* makes clear that, while repeatedly withholding otherwise unobjectionable catalogs from ever reaching the plaintiff may state a claim, one instance is insufficient. The plaintiff filed the complaint in this case on November 19, 2010, and there is no indication that there has been another instance of mail withholding, or of delay for that matter, since the October 2009 catalog non-delivery. Thus, the plaintiff may not proceed on a First Amendment claim.

The plaintiff contends that the non-delivery of his catalog states a claim under the due process clause of the Fourteenth Amendment. The court did not address this potential claim in the Screening Order. However, to the extent that the plaintiff alleges the catalog was denied him without due process, his claim fails because he has adequate post-deprivation remedies available to him under Wisconsin law. *See Greeno v. Litscher*, 13 Fed. Appx. 370, 376-77 (7th Cir. 2001) (unpublished opinion). Wisconsin

3

law provides tort remedies to individuals whose property has been converted or damaged by another. *See* Wis. Stat. §§ 893.35 and 893.51. If the deprivation of property did not occur as the result of some established state procedure and state law provides an adequate post-deprivation remedy for redressing the missing property, due process has been satisfied. *Greeno*, 13 Fed. Appx. at 377 (citing *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981)), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (holding that Wisconsin's post-deprivation procedures are adequate, albeit in a different context). Thus, the plaintiff fails to state a due process claim.

In sum, the plaintiff has not shown that the Screening Order contains a manifest error of law or fact.

**NOW THEREFORE IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #9) be and hereby is **DENIED**.

Dated at Milwaukee, Wisconsin this 9th day of May, 2011.

BY THE COURT:

s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge